UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JAYNE BENNETT WILNER,        )
                             )
       Plaintiff             )
                             )
v.                           )      No. 2:11-cv-21-GZS
                             )
MICHAEL J. ASTRUE,           )
Commissioner of Social Security, )
                             )
       Defendant             )

## REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") appeal raises the question of whether the commissioner supportably found the plaintiff capable of returning to past relevant work as a floral designer and receptionist. The plaintiff argues that the administrative law judge erred in (i) failing to admit workers' compensation evidence after specifically requesting it during her hearing and (ii) improperly weighting treating source opinions. *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (Docket No. 7) at 2-5. I conclude that errors were committed, but that they were harmless. Accordingly, I recommend that the decision of the commissioner be affirmed.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 405.101 (incorporating 20 C.F.R. § 404.1520); *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on December 14, 2011, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

had a severe impairment of lumbar degenerative disc disease with L4-5 annular tear and radiculopathy, Finding 3, Record at 34; that she retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), except that she could only occasionally climb ramps/stairs or ladders, ropes, or scaffolds and only occasionally balance, stoop, kneel, crouch, or crawl, Finding 5, *id*. at 37; that she was capable of performing past relevant work as a floral designer and receptionist, which did not require the performance of work-related activities precluded by her RFC, Finding 6, *id*. at 41; and that she, therefore, had not been under a disability from December 9, 2006, her alleged date of onset of disability, through the date of the decision, June 21, 2010, Finding 7, *id*. at 42.[2] The Decision Review Board selected the decision for review but failed to act within 90 days, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 405.420(a)(2); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. § 405.101 (incorporating 20 C.F.R. § 404.1520(f)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the

---

[2] The plaintiff is insured for purposes of SSD benefits through December 31, 2011. *See* Finding 1, Record at 33.

physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. § 405.101 (incorporating 20 C.F.R. § 404.1520(f)); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

## I. Discussion

### A. Failure To Admit Requested Evidence

The plaintiff correctly points out that, at hearing, the administrative law judge specifically directed her counsel to obtain and file any missing evidence from her workers' compensation case and held the record open to receive it. *See* Statement of Errors at 2; Record at 107-08, 114. The plaintiff's counsel promptly submitted the requested evidence ("New Evidence"). *See id.* at 49-71. However, in his decision, the administrative law judge declined to admit that evidence on the basis that the plaintiff had failed to demonstrate good cause for its late submission pursuant to 20 C.F.R. § 405.331(c). *See id.* at 31.

As the plaintiff argues, *see* Statement of Errors at 2-5, the administrative law judge erred in so finding. Section 405.331(c) pertains only when a claimant "wish[es] to submit evidence after the hearing[,]" 20 C.F.R. § 405.331(c). It is inapposite in circumstances in which an administrative law judge, *sua sponte*, directs a claimant's counsel to submit additional evidence. As the plaintiff points out, *see* Statement of Errors at 3, a more pertinent regulation is 20 C.F.R. § 404.1740(b)(2), which imposes an affirmative duty on claimants' representatives to assist claimants in complying with an administrative law judge's request for evidence, *see* 20 C.F.R. § 404.1740(b)(2).[3]

---

[3] At oral argument, counsel for the commissioner took the position that section 405.331 applied because the administrative law judge never waived its requirements but, rather, simply asked to see the missing evidence. Counsel stated that, in any event, he did not understand the plaintiff's argument because, to the extent that she *did*
*(continued on next page)*

3

The question remains, however, whether the error was harmless. The plaintiff argues that it was not, reasoning that the New Evidence supported and reinforced existing evidence limiting her to part-time or less than sedentary work, including the opinions of treating sources Stephen J. Barr, M.D., Gene J. Giunti, D.O., and Adam M. Kazimierczak, D.O. *See* Statement of Errors at 4; Record at 501, 695, 726. She identifies, as examples of significant new evidence, a form from Dr. Barr limiting her to four to six hours in a workday, a form from G.T. Caldwell, M.D., limiting her to sedentary work with sitting/standing changes as needed, and records from Stephen W. Rodrigue, M.D., limiting her to sedentary, part-time employment. *See* Statement of Errors at 4; Record at 58, 68-69, 71. I conclude that the new evidence to which the plaintiff points was cumulative and that the New Evidence, as a whole, did not consistently support her claim. Its exclusion, thus, was harmless.[4]

### 1. Dr. Barr

The record contained several M1 workers' compensation forms completed by Dr. Barr, the most recent of which limited the plaintiff to a total of four hours per day of light work based on a December 18, 2009, examination. *See id.* at 726. The New Evidence includes a progress note and an M1 form indicating that Dr. Barr considered the plaintiff's condition to have improved as of February 24, 2010, to the point that she was capable of performing four to six

---

wish to submit the evidence, section 405.331 applied, and to the extent that she *did not*, there had been no harm in its exclusion. In the circumstances presented, I am unpersuaded. As the plaintiff's counsel rejoined at oral argument, the administrative law judge left the impression that the requested evidence would be admitted without need of any showing of good cause pursuant to section 405.331. *See* Record at 108 (stating, "You can send it in if there's new evidence"), 114 (stating, "Okay, so what I'm going to do is wait for those records to come in. I'll take a look at those and then make a decision and get it to you as soon as I can, okay?"). His refusal to admit the evidence on the basis of the application of section 405.331, without a clear indication that he intended to apply that section or the affording of any opportunity for the plaintiff to make a showing of good cause thereunder, constituted error.

[4] At oral argument, counsel for the commissioner did not address the question of whether any error in failing to admit the New Evidence was harmless, relying solely on the argument that no error had been committed. Nonetheless, I consider the question of the harmlessness of any error to have been put squarely into play. The plaintiff herself had argued that the error was not harmless, *see* Statement of Errors at 4, and I engaged in a colloquy with her counsel concerning that point at oral argument.

hours of light work daily. *See id*. at 57-58. The administrative law judge rejected the December 18, 2009, opinion of Dr. Barr, observing, *inter alia*, that (i) Dr. Barr had limited her to a four-hour work capacity on the M1 forms without explanation and (ii) her subjective complaints relative to right knee pain did not appear to have changed after Dr. Barr performed a peroneal release procedure, even though she returned to a light, part-time job after her last visit with him. *See id*. at 40. Nothing in the new Barr materials, in which Dr. Barr documented improvement in the plaintiff's condition, but again omitted a basis for the restriction to part-time work, *see id*. at 57-58, is inconsistent with that analysis.

## 2. Dr. Caldwell

The New Evidence includes an M1 dated March 27, 2008, purportedly completed by Dr. Caldwell. *See id*. at 68. "Dr. Caldwell" in fact appears to have been Dr. Giunti. There is no evidence of record that the plaintiff ever was treated by Dr. Caldwell, a physician in the same practice as Dr. Giunti. *See id*. at 500. The signature and handwriting on the M1 form in question are similar, if not identical, to those of Dr. Giunti. *Compare id*. at 68 *with id*. at 508. Finally, Dr. Giunti described the exact contents of the March 27, 2008, M1 in a progress note of the same date. *Compare id*. at 68 *with id*. at 512. Even if not completed by Dr. Giunti, the M1 in question thus effectively was already part of the record available to the administrative law judge, rendering its exclusion harmless. Beyond this, the administrative law judge rejected an August 5, 2008, opinion of Dr. Giunti that the plaintiff would have difficulty going back to full-time work on the bases that the opinion was not well supported and was inconsistent with other, more persuasive evidence. *See id*. at 40. Nothing in the March 27, 2008, M1 form calls that analysis into question. *See id*. at 68.

### 3. Dr. Rodrigue

The New Evidence includes a March 16, 2007, letter from Dr. Rodrigue to Dr. Kazimierczak in which Dr. Rodrigue stated that the plaintiff could "go back to a sedentary-type employment[,]" and a January 19, 2007, letter from Dr. Rodrigue to Dail Martin, FNP, in which Dr. Rodrigue stated that the plaintiff could "go back to sedentary-type work with no lifting greater than 10 pounds and no pushing or pulling" for "four hours per day." *Id.* at 69-71. Both letters were already of record, *see id.* at 590, 593-94, rendering their exclusion harmless.

### 4. Mixed Nature of New Evidence

The New Evidence included, *inter alia*, a report of an Independent Medical Examination completed on September 24, 2009, by Matthew J. Donovan, M.D., in which Dr. Donovan concluded that the plaintiff likely had a full-time sedentary work capacity with restrictions against repetitive stair climbing, ladder work, and the use of vibratory/pneumatic heavy tools. *See id.* at 65. This report buttresses the administrative law judge's finding that the plaintiff was capable of full-time work, at least in a sedentary capacity. The New Evidence, thus, was not entirely favorable to the plaintiff, reinforcing my conclusion that the administrative law judge's error in failing to admit it was harmless.

### B. Treatment of Treating Sources

The plaintiff finally argues that the administrative law judge failed to comply with 20 C.F.R. § 404.1527 and Social Security Ruling 96-2p ("SSR 96-2p"), both of which address the handling of treating source opinions, when he (i) completely ignored the opinion of Dr. Kazimierczak that the plaintiff was capable only of part-time work and (ii) improperly weighted the treating source opinions of Drs. Giunti and Barr, overlooking the fact that they were supported by the Kazimierczak opinion and relying primarily on the opinion of one examining

source, William F. Boucher, M.D., "to overrule multiple treating sources." Statement of Errors at 5; *see also* Record at 487-99 (Independent Medical Evaluation Report dated June 13, 2008, by Dr. Boucher).

At oral argument, counsel for the commissioner contended as a threshold matter that there was no error in ignoring the opinion of Dr. Kazimierczak that the plaintiff was limited to light duty four hours a day, *see id.* at 695, because it was not a "medical opinion" to which controlling weight might be given but, rather, bore on RFC, an issue reserved to the commissioner, *see* SSR 96-2p at 112 (noting that "medical opinions," which are "opinions about the nature and severity of an individual's impairment(s)[,] . . . are the only opinions that may be entitled to controlling weight"); 20 C.F.R. § 404.1527(e)(2)-(3) (the commissioner will "consider opinions from medical sources on issues such as . . . [a claimant's] residual functional capacity[,]" although he "will not give any special significance to the source of an opinion on issues reserved to the Commissioner[.]").

Yet, even as to issues reserved to the commissioner, "the notice of the determination or decision must explain the consideration given to the treating source's opinion(s)." Social Security Ruling 96-5p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2011) ("SSR 96-5p"), at 127. Thus, even assuming *arguendo* that the Kazimierczak opinion was not a "medical opinion," the administrative law judge erred in ignoring it.

Nonetheless, as counsel for the commissioner argued in the alternative, the error is harmless. The record contained a number of sharply conflicting assessments of the plaintiff's work capacity, including those of two Disability Determination Services ("DDS") nonexamining experts, J.H. Hall, M.D., and Donald Trumbull, M.D., and that of another treating source,

surgeon Philip S. Anson, M.D., *see* Record at 579, 595-603, 626-34, as well as those of Drs. Kazimierczak, Giunti, Barr, and Boucher.

Dr. Anson, who performed surgery on the plaintiff's right knee in July 2007 and followed her periodically thereafter until February 29, 2008, deemed her as of that date to have full-time work capacity, "primarily seated avoiding squatting, stooping, stairs and ladders in the light to medium category." *Id*. at 579; *see also id*. at 580-82.

With the benefit of review of, *inter alia*, progress notes of Drs. Kazimierczak, Giunti, and Anson, *see id*. at 489-90, as well as his own physical examination of the plaintiff revealing inconsistencies between his objective observations and findings and the plaintiff's pain presentation, *see id*. at 492-93, 496-97, Dr. Boucher deemed her capable of full-time light work with some restrictions, for example, a possible need for occasional position changes, *see id*. at 497.

Similarly, with the benefit of review of, *inter alia*, the progress notes of Drs. Giunti and Anson and Dr. Boucher's report, *see id*. at 600-03, Dr. Hall deemed the plaintiff capable of full-time work with certain restrictions, for example, a limit to walking/standing for four hours per day due to knee pain, *see id*. at 596-99. With the benefit of review of the same materials, plus the then-available progress notes of Dr. Barr and Dr. Kazimierczak, a member of the "Oxford Hills" practice, Dr. Trumbull also deemed the plaintiff capable of full-time work, albeit with fewer restrictions, for example, a capacity to walk/stand for about six hours in an eight-hour workday, *see id*. at 627-30.

It was the job of the administrative law judge to resolve conflicts in the evidence. *See, e.g., Rodriguez,* 647 F.2d at 222 ("The Secretary may (and, under his regulations, must) take medical evidence. But the resolution of conflicts in the evidence and the determination of the

8

ultimate question of disability is for him, not for the doctors or for the courts."). He did so, adopting the RFC opinion of Dr. Trumbull and according some weight to the Boucher opinion, to the extent that it supported the Trumbull opinion, and limited weight to the Anson opinion, to the extent that it supported a capacity for full-time work. *See* Record at 39-41. The plaintiff offers no reason why these opinions cannot stand as substantial evidence of the RFC ultimately found by the administrative law judge. *See* Statement of Errors at 2-5. By contrast, the administrative law judge accorded little weight to the opinions of Drs. Barr and Giunti, who, like Dr. Kazimierczak, found the plaintiff incapable of working full-time, on the bases that they were not well supported and/or were inconsistent with other persuasive medical evidence of record. *See* Record at 40. Those qualify as "good reasons" for rejecting a treating source opinion. Dr. Kazimierczak offered no more explanation for his limitation to light duty, four hours per day, than did Drs. Barr or Giunti. *Compare id*. at 695 *with id*. at 501, 726.

Because the administrative law judge relied in whole or in part on the opinions of Drs. Trumbull and Boucher, who had taken into consideration then-available progress notes of Dr. Kazimierczak, and because his ultimate RFC opinion is supported by substantial evidence in the form of the Trumbull, Boucher, and Anson opinions, his error in ignoring the Kazimierczak opinion was harmless. *See, e.g.*, *Robinson v. Astrue*, Civil No. 09-629-B-W, 2010 WL 4365755, at *2-*3 (D. Me. Oct. 27, 2010) (rec. dec., *aff'd* Dec. 3, 2010) (failure to address treating physician RFC opinion was harmless error in circumstance in which there was directly conflicting RFC opinion evidence on which the administrative law judge was entitled to rely); *see also, e.g., Zabala v. Astrue*, 595 F.3d 402, 409-10 (2d Cir. 2010) (administrative law judge's failure to consider 2002 report of treating physician was harmless error in circumstances in which administrative law judge did consider largely identical 2001 report by the same physician, and both reports were consistent

with other reports in the record, as a result of which court found "no reasonable likelihood that [the administrative law judge's] consideration of the same doctor's 2002 report would have changed [her] determination").

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 26th day of January, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge